IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| SAMUEL A. LYONS, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>ILEEN M. TICER-GREENE & )<br>PMA INDEMNITY INSURANCE, )<br>    Defendants. ) | Case No: 5:21-cv-00010<br><br>MEMORANDUM OPINION & ORDER<br><br>By: Joel C. Hoppe<br>United States Magistrate Judge |

    Plaintiff Samuel A. Lyons, appearing pro se, filed this diversity action alleging that Defendants Ileen M. Ticer Greene and PMA Indemnity Insurance ("PMA") committed fraud in connection with Lyons's worker's compensation claim.[1] *See* Compl. 1 (citing 28 U.S.C. § 1332), ECF No. 1. He alleges that Defendants knowingly relied on "medical documents belonging to another person . . . to avoid paying an insurance claim" for his serious work-related injury, *id.* at 1, and that Defendants presented the other person's medical records in a Maryland state-agency proceeding where Lyons's request for permanent total disability benefits was denied, *see id.* at 3–5. The case is before me by the parties' consent under 28 U.S.C. § 636(c). ECF Nos. 10, 14.

    The matter is now before the Court on Defendants' motion to dismiss Lyons's complaint under Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Defs.' Mot. to Dismiss 1–2 (citing Fed. R. Civ. P. 12(b)(2)–(3), (6)), ECF No. 4. Defendant Ticer Green asserts that Lyons failed to establish this Virginia federal district court has jurisdiction over her personally, Defs.' Br. in Supp. 1, 8–9 (citing Fed. R. Civ. P. 12(b)(2)), while Defendant PMA asserts that venue is improper in Virginia and that Lyons's complaint fails to state a claim upon

---

[1] Defendants note that Ms. Ticer Green's last name is not hyphenated and that the "correct name of the [insurance] company that issued the applicable workers compensation policy is Pennsylvania Manufacturers Indemnity Company." Defs.' Br. in Supp. 1 n.2, ECF No. 4-1.

1

which relief can granted, *id.* at 9–18 (citing Fed. R. Civ. P. 12(b)(3), (6)). The motion is fully briefed and ripe for resolution. ECF Nos. 4-1, 12, 13, 17, 18.

Having carefully considered Lyons's pro se complaint and the applicable law, however, I am constrained to conclude that Lyons has failed to plead facts necessary to identify each party's citizenship(s) for purposes of determining whether "complete diversity" exists, as required to establish this federal district court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (noting that § 1332(a) grants subject-matter jurisdiction only in cases where "the citizenship of each plaintiff is diverse from the citizenship of each defendant"); *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 353 (4th Cir. 2020) ("Because of this 'complete diversity' rule, a federal court must determine and compare the citizenship(s) of all plaintiffs and all defendants before exercising diversity jurisdiction under § 1332(a)."); *McCrady v. Elliot*, No. 5:06cv34, 2006 WL 1701074, at *2 (W.D. Va. June 19, 2006) ("Without knowing the defendants' . . . citizenship, the court cannot determine whether there is complete diversity between the defendants and the plaintiff, and the plaintiff has not [carried] the burden of establishing diversity jurisdiction."); *Dyer v. Robinson*, 853 F. Supp. 169, 172 (D. Md. 1994) ("It is well established, under 28 U.S.C. § 1332, that this Court may not exercise diversity jurisdiction if [a] Plaintiff and [a] Defendant are citizens of the same state.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)). Accordingly, I must dismiss the action without prejudice for lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(h)(3); *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013), and deny Defendants' motion to dismiss under Rules 12(b)(2), 12(b)(3), and 12(b)(6) as moot, *see SunTrust Bank v. Village at Fair Oaks Owner, LLC*, 766 F. Supp. 2d 686, 689–95 (E.D. Va. 2011). The Clerk will be directed to strike this case from the

Court's active docket. Because Lyons may be able to cure this jurisdictional pleading defect, however, the Court will give Lyons 30 days to petition for reinstatement of the action and to file a declaration, which will supplement the jurisdictional allegations in his complaint, that identifies each party's state(s) of citizenship in accordance with 28 U.S.C. § 1332(c).

## I. Background

This case is about Lyons's efforts to obtain worker's compensation benefits after an on-the-job accident. Lyons alleges that "Defendants altered medical documents belonging to another person, in violation of HIPAA, as well as violating a prior court order, and presented it in a court of law, thus committing perjury, in order to avoid paying an insurance claim." *See* Compl. 1; *see also* Pl.'s Br. in Opp'n 1 ("Plaintiff is asking this Court to rule on Plaintiff's allegation of fraud by the Defendants to influence the [state] courts in their favor."), ECF No. 13.

In February 2011, Lyons suffered "serious work-related injur[ies]," Compl. ¶ 5, to his neck, back, left shoulder, and left lower extremity, *id.* ¶ 8. He alleges that "Defendants acquired the medical records of an another individual . . . who had a similar name" to Lyons, but who "was younger, of a different race, and lived at a different address" and then, claiming that those records belonged to Lyons, forwarded them "to an Independent Medical Examiner," *id.* ¶¶ 5–6, to provide an expert opinion. *See* Pl.'s Br. in Opp'n 2–3. The physician, Dr. Riederman, examined Lyons once in June 2011, but his expert opinion relied "heavily" on medical records belonging to the other person. *Id.* at 3. Dr. Riederman concluded that Lyons "did not have a permanent partial disability as a result of the [work-related] accident." Pl.'s Br. in Opp'n Ex. 2, Mem. Op. & Order 15, *Lyons v. Chesapeake Spice Co.*, No. 12-C-13-1214 (Harford Cnty. Cir. Ct. May 16, 2014), ECF No. 13-3, at 3. Lyons alleges that Defendants "altered" the other person's medical records, Compl. ¶ 5, "in order to avoid paying an insurance claim" for Lyons's

3

injuries, *see id.* ¶ 6; *see also* Pl.'s Br. in Opp'n 4–5. Lyons initially was denied benefits "based on" the other person's medical records. Compl. ¶ 7.

The Maryland Worker's Compensation Commission ("the administrative court") heard Lyons's disability claim in November 2012. *See* Compl. ¶¶ 7, 9; Pl.'s Br. in Opp'n Ex. 2, at 1. When Lyons raised the medical-records issue, "Defendants admitted to possessing and using the medical records of another individual." Compl. ¶ 7. Based on Lyons's "evidence" and Defendants' "admission of guilt," the administrative court found in Lyons's favor and "awarded retroactive benefits." *Id.* When Lyons tried to argue the Defendants committed "fraud" by admitting to using the other person's medical records, however, that "issue of fraud was denied by the [administrative] court." *Id.* The administrative court held a "permanency award" hearing in April 2013. *Id.* ¶ 8. Defendants again "admitted to using another individual's medical records" in connection with Lyons's insurance claim, but nonetheless "presented the result of using these records" during the hearing. *Id.*; *see also id.* ¶ 10 (alleging that Defendants "repeatedly presented medical evidence" and falsely "assert[ed] that it belonged to" Lyons). The administrative court found that Lyons suffered "a Permanent Partial Disability of 16% to the back, left leg, neck, left shoulder and left knee." *Id.* Lyons again tried to argue that Defendants committed fraud by using the other person's medical records in connection with his claim, but "the issue of fraud . . . was again denied by the [administrative] court." *Id.*

Believing that the administrative court had "refused to address" his fraud argument, Lyons appealed to the Circuit Court of Harford County, Maryland. *Id.* ¶ 9. The Hon. Yolanda Curtain, presiding circuit court judge, held a two-day hearing in January 2014. *Id.*; *see* Pl.'s Br. in Opp'n 2. That May, Judge Curtain issued an order "dismissing" the Defendants' evidence, "including expert testimony from their physician" who had reviewed the other person's medical

4

records, *id.*, and "affirming the [administrative] court's . . . award" to Lyons, Compl. ¶ 9. More specifically, Judge Curtain found that Defendants' evidence against Lyons's claim "was based on someone else's medical records." Pl.'s Br. in Opp'n 2. "Neither party appealed this decision." Compl. ¶ 9.

Lyons's physical condition deteriorated over the next several months, prompting him to seek medical treatment from an "outside" provider. Compl. ¶ 12 (alleging that he sought "outside" treatment "because of the Defendant's continual denial of benefits"). He also "reopened" his worker's compensation case so he could seek "permanent total disability" based on his "worsening" conditions. In May 2016, Lyons presented evidence showing he received medical treatment "consistent" with the work-related injuries he sustained in 2011. Once again, Defendants "presented the medical evidence obtained by fraud"—i.e., the physician's expert report based on the other person's medical records—even though the Circuit Court "dismissed" the probative value of that evidence in May 2014. *Id.*; *see* Pl.'s Br. in Opp'n 3. This time, however, the "administrative court accepted and considered the [Defendants'] evidence" to be a "genuine and factual" representation of Lyons's condition. *See id.* The administrative court denied Lyons's claim for "worsening of conditions" in June 2016. That August, Lyons "filed a timely issue" with the administrative court asserting that Defendants committed fraud, and violated a court order, by presenting the expert's testimony. *See* Compl. ¶ 13. He also filed a "Request for Hearing for Referral to [the] Maryland Insurance Fraud Division" in September 2016. *Id.*

That October, the administrative court granted Lyons's request for rehearing. *Id.* ¶ 14. Both parties presented their cases, but the administrative court "refused to allow [Lyons] to litigate the issues" that he believed were "before the court"—namely his "worsening of

5

conditions," his argument that Defendant-Insurer presented "fraudulent evidence," and his request for a hearing and referral to the Maryland Insurance Fraud Division. *Id.* The administrative court upheld its prior ruling denying Lyons's claim for permanent total disability. *Id.* Lyons then appealed that order to the Circuit Court of Harford County, but his "case was dismissed without affirming the administrative court's ruling" or addressing "[t]he issue of fraud" that Lyons raised in his appeal. *Id.* ¶ 15.

Lyons's case returned to administrative court for a final time in January 2018. *Id.* ¶ 16. His "claims were again denied," and the issue of Defendants' alleged fraud "was not litigated." *Id.* In August 2018, the Circuit Court of Harford County "affirmed the administrative court's finding, citing the collateral estoppel doctrine." *Id.* ¶ 17. Lyons timely appealed that decision to the Maryland Court of Special Appeals. *Id.* ¶ 18. In July 2020, the court of appeals "affirmed the [circuit court's] decision under the doctrine of collateral estoppel." *Id.* Maryland's highest state appellate court denied Lyons's petition for writ of certiorari in September 2020. *Id.* ¶ 19; *see id.* ¶ 20 ("Plaintiff has exhausted all legal remedies available in the State of Maryland."). Lyons notes that this order "did not include a ruling on fraud, thus leaving the issue still unresolved." Pl.'s Br. in Opp'n 4.

*

On February 12, 2021, Lyons filed his pro se complaint in this federal district court, expressly invoking diversity jurisdiction under 28 U.S.C. § 1332. Compl. ¶ 1; Civil Cover Sheet § II. Lyons asserts that he is a "Citizen of This State," Civil Cover Sheet § III, box 1, and "a resident of Rockingham County, Virginia," Compl. ¶ 2. At least one Defendant is a "Citizen of Another State." *See* Civil Cover Sheet § III, box 2. Lyons alleges that Ticer Green is an attorney who "resides in Baltimore County, Maryland," and works in Timonium, Maryland. Compl. ¶ 3.

6

PMA "is a corporation with offices in Pennsylvania, Maryland, and other states." *Id.* ¶ 4. It also receives "court documents" at a physical address in Allentown, Pennsylvania. *Id.* Lyons did not initially indicate whether PMA is "Incorporated" and/or has its "Principal Place of Business" in Virginia or in "Another State." *See* Civil Cover Sheet § III, boxes 4–5. He later clarified that PMA's "principal place of business is in Pennsylvania," which he asserts is sufficient to show PMA is "a citizen of Pennsylvania as per 28 [U.S.C.] § 1332(c)(1)(C)." Pl.'s Br. in Opp'n 4.

Lyons alleges that "[a]s a direct and proximate result of the Defendants, he has suffered damages including" severe and permanent bodily injury, physical disfigurement, and both "past and future" pain, mental anguish, lost income, and medical expenses. *Id.* Compl. ¶ 21(a)–(e). In his brief in opposition, Lyons clarified that he "is asking this Court to rule on [his] allegations" that Defendants committed "fraud . . . to influence the [Maryland] courts in their favor," Pl.'s Br. in Opp'n 1, and to "award [him] damages for that action," *id.* at 4. He seeks $3.5 million in compensatory damages. Compl. ¶ 21. Defendants moved to dismiss under Rules 12(b)(2), 12(b)(3), and 12(b)(6). *See generally* Defs.' Mot. to Dismiss 1–2. Ticer Green asserts that Lyons failed to establish that this Court has personal jurisdiction over her, Defs.' Br. in Supp. 1, 7–9 (citing Fed. R. Civ. P. 12(b)(2)), while Defendant PMA asserts that venue is improper in Virginia, *see id.* at 9–10 (citing Fed. R. Civ. P. 12(b)(3)), and that Lyons's claims are barred by both collateral estoppel and an expired limitations period(s), *see id.* at 10–18 (citing Fed. R. Civ. P. 12(b)(6)). Defendants did not challenge the sufficiency of Lyons's jurisdictional allegations under Rule 12(b)(1). *See generally id.* at 1–18; Defs.' Reply 2–6, ECF No. 17.

## II. Discussion

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guard. Life Ins. Co. of Am.*, 511 U.S. 375,

7

377 (1994). "Article III, § 2, of the Constitution delineates the character of the controversies over which federal judicial authority may extend," *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019), including those "between citizens of different states," U.S. Const. art. III, § 2. "[L]ower federal-court jurisdiction is further limited to those subjects encompassed within a statutory grant of jurisdiction. Accordingly, the district courts may not exercise jurisdiction absent a statutory basis." *Jackson*, 139 S. Ct. at 1746 (cleaned up). "When a party desires to proceed in a federal court, it must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014) (cleaned up); *see* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]").

"Further, a federal court must presume that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *Maryland v. Exxon Mobil Corp.*, 352 F. Supp. 3d 435, 446 (D. Md. 2018) (citing *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008)). Thus, "when a requirement goes to subject-matter jurisdiction," courts must "consider sua sponte issues that the parties have disclaimed or not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see, e.g.*, *Navy Fed. Credit Union*, 972 F.3d at 353 ("Because of this 'complete diversity' rule, a federal court must determine and compare the citizenship(s) of all plaintiffs and all defendants before exercising diversity jurisdiction under § 1332(a)."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3), regardless of the costs imposed or the resources expended thus far. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004).

Lyons asserts this Court may exercise diversity jurisdiction over this action, 28 U.S.C. § 1332(a), because he is a "citizen" of Virginia, Defendant Ticer Green "resides" and works in Maryland, and Defendant PMA's "principal place of business" is in Pennsylvania, making it a "citizen" of that state under § 1332(c)(1)(C). *See* Civil Cover Sheet §§ II–III; Compl. ¶¶ 3–4; Pl.'s Br. in Opp'n 4. An individual party's "state citizenship for purposes of diversity jurisdiction depends not on [the person's] residence, but on [his or her] national citizenship and domicile." *Axel Johnson, Inc. Carroll Car. Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the state."))). "The existence of such citizenship cannot be inferred from allegations of mere residence." *Id.* (collecting cases). Rather, the pleading must allege facts supporting a reasonable inference that the person is "domiciled within the state." *See id*. "Domicile requires physical presence, coupled with an intent to make the State a home." *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). Accordingly, Lyons's allegations that Ticer Green "lives" or "resides" and "works" in Maryland do not demonstrate that she is also domiciled in— i.e., a citizen of—Maryland. *See, e.g.*, *Scott v. Cricket Commc'ns*, 865 F.3d 189, 195 (4th Cir. 2017) ("As courts of limited jurisdiction, we are constitutionally prohibited from 'inferr[ing] argumentatively' that a person's residency is her domicile." (quoting *Brown v. Keene*, 33 U.S. 112, 115 (1834)); *Axel Johnson*, 145 F.3d at 663 ("Although the pleadings set forth the residence of each of the natural persons who are parties to the litigation, they did not positively establish the citizenship of those persons.").

Even assuming Ticer Green is a citizen of Maryland, *see, e.g.*, *Snyder v. Phelps*, No. RDB-06-1389, 2006 WL 3081106, at *5 (D. Md. Oct. 30, 2006) (plaintiff's supplemental allegation that "'upon information and belief,' [defendant] 'lives, resides and works' at the same [Kansas] address mentioned in the Complaint" demonstrated defendant was a "citizen of Kansas" where defendant did "not dispute that [he] is a citizen of the United States or Kansas"), Lyons's supplemental allegation that PMA is a "corporation" with its "principal place of business" in Pennsylvania, Pl.'s Br. in Opp'n 4 (citing 28 U.S.C. § 1332(c)(1)(C)), still does not allow the Court to conclude complete diversity exits in this case.

Under § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated *and* of the State . . . where it has its principal place of business," 28 U.S.C. § 1332(c)(1) (emphasis added). Thus, "corporations ordinarily rank as citizens of at most 2 States," i.e., the State where they are incorporated and the State where they have their principal place of business. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (citing § 1332(c)(1)). Lyons's complaint does not positively identify PMA's State of incorporation, and the Court cannot simply assume PMA is incorporated in a state other than Virginia. *See Exxon Mobil Corp.*, 352 F. Supp. 3d at 446 (citing *Poole*, 531 F.3d at 274). For if PMA *is* incorporated in Virginia, then Lyons and PMA are *both* citizens of Virginia, and § 1332 does not confer subject-matter jurisdiction over the actions. *Wesley Hous. Dev. Corp. of N. Va. v. SunAmerica Hous. Fund* 1171, --- F. Supp. 3d ---, 2021 WL 6061890, at *5 (E.D. Va. Dec. 22, 2021) (citing *Navy Fed. Credit Union*, 972 F.3d at 352).

Lyons invokes § 1332(c)(1)'s exception to the two-prong corporate citizenship rule, Pl.'s Br. in Opp'n 4, which applies "in any *direct action against the insurer* of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not

joined as a party-defendant," 28 U.S.C. § 1332(c)(1) (emphasis added). In those direct actions, "such insurer shall be deemed a citizen of (A) every State and foreign state of which the *insured* is a citizen; (B) every State and foreign state by which the *insurer* has been incorporated; *and* (C) the State or foreign state where the *insurer* has its principal place of business," *id.* § 1332(c)(1)(A)–(C) (emphasis added). This "'direct action' proviso of the diversity state," *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 8 (1989), is a narrow exception to the preceding language that a corporation is a citizen only of the state in which it is incorporated and the state where it has its principal place of business, *Eltsefon v. State Farm Mut. Auto. Ins. Co.*, 826 F. Supp. 2d 922, 925 n.3 (E.D. Va. 2011) (citing *Brewer*, 493 U.S. at 9–10). "[A] 'direct action,' put simply, is an action by an injured party against an insurer to recover for damages caused *not by the insurer but by its insured*, who is not joined [as a defendant] in the action." *Eltsefon*, 826 F. Supp. 2d at 925 (emphasis added) ("Unless the cause of action grows out of the conduct of the insured and could be brought against the insured, there is no 'direct action.'"). "Accordingly, it follows that there is no 'direct action' within the meeting of the proviso where the injured party brings suit against the insurer *for the insurer's independent wrongs*, such as an insurer's failure to settle in good faith or within policy limits." *Id.* at 926 (emphasis added); *see generally id.* at 926–28 & n.5 (collecting cases). Lyons's complaint alleging that Defendant PMA and its attorney committed "fraud" and "perjury" in state-agency proceedings related to his worker's compensation claim, *see generally* Compl. ¶¶ 5–15; Pl.'s Br. in Opp'n 1, seeks damages against those Defendants for injuries caused by "the insurer's independent wrongs," *Eltsefon*, 826 F. Supp. 2d at 926. Accordingly, it is not a "direct action" within the meaning of § 1332(c).

III. Conclusion

Viewing Lyons's well-pled allegations in his favor, the possibility remains that both he and PMA are citizens of Virginia. Accordingly, the Court cannot conclude that 28 U.S.C. § 1332 confers subject-matter jurisdiction over this action and must dismiss the case without prejudice under Rule 12(h)(3). Because Lyons may be able to cure this jurisdictional pleading defect by positively identifying PMA's state of incorporation, however, the Court will give Lyons 30 days to petition for reinstatement of the action and to file an amended complaint that identifies each party's state(s) of citizenship in accordance with 28 U.S.C. § 1332(c).

## IV. ORDER

For the reasons explained above, Lyon's complaint, ECF No. 1, is hereby **DISMISSED without prejudice** for lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and Defendants' Motion to Dismiss the complaint under Rules 12(b)(2), 12(b)(3), and 12(b)(6), ECF No. 4, is **DENIED as moot.** The Clerk is **DIRECTED** to **STRIKE** this case from the Court's active docket. Within 30 days from the date of this Order, Lyons may petition for reinstatement of the action and file a declaration, which will supplement the jurisdictional allegations in his complaint, positively identifying the State in which Defendant Ticer Green is domiciled and the State or States in which Defendant PMA is incorporated and has its principal place of business. Fed. R. Civ. P. 8(a); 28 U.S.C. § 1332(c)(1).

The Clerk shall send certified copies of this Memorandum Opinion & Order to the pro se Plaintiff and all counsel of record.

ENTER: March 31, 2022

*Joel C. Hoppe*

Joel C. Hoppe
U.S. Magistrate Judge